RUPERTO MARTIN, Executor, etc., Plaintiff,

*v.*

ROYAL INSURANCE COMPANY, Defendant.

---

INSURANCE—WAIVER—CONSTRUCTION OF POLICY.

1. A new building added to a building insured cannot be considered as included in the insurance.

2. When stock in trade is insured, the insured has the right to sell and repurchase by way of substitution, and the policy covers the substituted goods.

3. An insurance company may waive certain conditions of the policy, as, for instance, the production of proofs of loss. It may do so through its general agent. It may do so either expressly, or by conduct calculated to induce a reasonable person to believe that no proofs are required.

4. The invasion and insurrection clause of the policy properly construed means that such invasion or insurrection occurred within the section of country where the loss occurred, and that it was caused by such invasion or insurrection, and not by a cause independent of them.

May 20, 1902.

---

HOLT, Judge, gave the following charge to the jury:

Gentlemen of the Jury:—As you have already learned during the progress of this case, this is an action upon a fire insurance policy issued by The Royal Fire and Life Insurance Company to Francisco Martin, for loss by fire of the property insured. The defendant first puts in issue by its answer the question whether there was any insurance, it being shown that the

policy is lost. It is for you to determine from the testimony whether that insurance existed. The defendant, upon notice from the plaintiff, has produced a form of the insurance. It is before you as testimony. The evidence tends to show that this insurance upon the property that was burned was first taken out on the 12th of March, 1877, for one year; that it was renewed from year to year; and that the last renewal was on the 12th of March, 1898, to the 12th of March, 1899. The testimony tends to show that the property was burnt on the 19th or 20th of August, 1898. There is testimony showing that the insured died in October, 1899; and this action is brought by his executor to recover the amount lost by reason of that fire, on the policy of insurance.

You are first to find, then, from the testimony—because it is your province to judge of what is proven in the case—whether that insurance existed, or not. If that insurance did exist, and this property during the period covered by it was destroyed by fire, then, unless the company is released by some condition in the policy, the plaintiff is entitled to recover the loss that accrued by reason of that fire. It is your duty to accept the law, not as stated to you by counsel, however eminent in the profession they may be, but as given you by the court. Even though its statement of law may be erroneous, you must accept it as the law of the case. It is your province, however, to judge and determine what is proven in the case from the testimony. I will not detail it to you, gentlemen, as you have listened carefully to all of it.

You cannot consider, if you should find in favor of the plaintiff, any loss of any property not covered by the policy of insurance, except as I will presently say to you in reference to the stock of goods that it is claimed was insured.

So far as the real estate is concerned, the insurance was upon

Martin v. Royal Ins. Co.

a building built of timber and roofed with galvanized iron, situated in the barrio of Coto, in the district of Ponce, and occupied partly as a dwelling and partly as a shop. You are confined, in your consideration of this case, to that real estate. If a new building was built, or added to the building that was insured, you cannot consider any loss of the new building, and you can only consider the loss arising from the destruction of the real estate that in point of fact was insured. The insurance also covered a stock of goods, or, it is claimed it covered the stock of goods in the storehouse. If you find from the evidence that that insurance existed, I say to you as a matter of law that the insured had the right to sell and repurchase, by way of substitution, a stock of goods, and that a policy upon a stock of goods, as a matter of law, covers substituted goods. This is necessary from the nature of the business. No one would insure a stock of goods unless he had the privilege to sell and rebuy; and hence this insurance, if it existed, covered the stock of goods in that store at the time of the fire.

If you find for the plaintiff in this case, you find the damage that accrued by reason of the destruction by fire of the real estate as it existed and its value at the time of the fire, not exceeding the amount of the insurance; as to the goods, you find the loss that resulted by reason of the destruction by fire of the stock of goods on hand and embraced in this policy of insurance at the time of the fire, not exceeding the amount insured, consisting of provisions and groceries. Whatever was on hand that may have been substituted on that stock of groceries and provisions at the time of this fire, you find the value in damages by reason of its loss. There is testimony tending to show what the value of that property was in pesos. As a matter of law a peso is worth 60 cents; so that, in estimating what the value of that property was in pesos,—as your verdict must be, if you find

Martin v. Royal Ins. Co.

for the plaintiff, in dollars and cents,—you will estimate, in considering the testimony as to pesos, their value as 60 cents American money.

The defendant has not only presented the defense that it never promised, and never insured this property, as claimed in the declaration, but that after the fire there was a release of all claim for damages by reason of the loss of the property by the fire. There is no evidence, as I recollect, of any agreement. There are certain circumstances that were allowed to be proven in the case, and if from these circumstances you believe there was a settlement of this matter by the insured, after the destruction of the property, upon a sufficient consideration, you would find for the defendant. Otherwise, so far as that defense is concerned, you would find for the plaintiff.

Another defense presented in this case is that the stock was removed from the store without permission. There is no evidence as to it.

Another defense is that there was no notice given to the company, the underwriters, of this loss within fifteen days, as provided in one of the conditions of the policy, and that no proof was furnished to the company of the loss. It is shown in the testimony that this was a total loss of the property. There is no dispute in reference to that. It was a reasonable condition, and as such binding upon the insured, that he should notify the company in writing of this loss, and that he should furnish proofs of it. That condition, however, in the policy was for the benefit of the insurer,—for the benefit of the company. The company had the right to waive this condition if it saw fit to do so. It could do so either by an express agreement or by conduct in reference to it. The testimony tends to show it had a local agent in Ponce, near where this fire occurred. The testimony tends to show that it had a general agent for its business in

Porto Rico in San Juan. The testimony tends to show that when the insured reported this loss verbally to the local agent, he referred the insured to the general agent in San Juan. A resident general agent of a foreign insurance company, with general charge of its business, and the right to manage its business generally in the district where he resides, has the power, in law, to waive the conditions in a policy as to notice of loss, or as to the presentation of proofs of loss. He may waive it by conduct, as by the payment of what he thinks should be paid on account of that loss. That is a waiver of any production of proof as to the loss or of any notice. And if a general agent has that power, and acts upon an oral notice from the party that the loss has occurred, in such a way as to induce that insured party to believe reasonably that no other notice is required of the loss, and that no other proofs are required, then that, in law, is a waiver of notice or of proofs. As a matter of law, when this general agent was applied to, and told of this loss, and was informed that it was a total one, if you believe from the testimony that he informed the insured that he would report it to the company, and would notify him if they determined to pay, and no further notice was required by him, or any proofs of loss were required by him except being informed that it was a total loss of the property,—that, in law, was a waiver of the production by the insured of proofs of the amount of that loss.

If you believe from the testimony that the company by their general agent induced the insured—reasonably induced him, that is, that the conduct was such that a man of ordinary intelligence would reasonably infer from it—that no other notice or proofs were required, then it was a waiver of any other proofs or notice. If, for instance, the company, being notified orally of the destruction of the property, refused to pay any loss upon a totally different ground than that of no proofs of loss being

Martin v. Royal Ins. Co.

presented to them, then that was a waiver, in law, of any proofs of loss being presented.

Another defense presented is that the property passed by mortgage or transfer without the consent of the company. I have no recollection of any testimony on that point.

Another defense presented by the answer is that the loss was caused by, or occurred during, invasion, war, riot, etc. I will read to you a part of the condition of the policy relative to this matter, although the entire policy and all its conditions is before you as testimony. It provides: "This policy does not cover loss or damage by fire happening during any invasion by foreign enemy, during rebellion, insurrection, riot, civil commotion, military or usurped power, or martial law within the country or locality within which the property insured is situated, unless proof be made to the satisfaction of the directors that such loss or damage was not occasioned by or connected with, or occurred from a cause or causes independent of, the existence of such invasion, foreign enemy, rebellion, insurrection, riot, civil commotion, military or usurped power, or martial law."

The defense relied upon here is that this loss occurred during an invasion, riot, civil commotion, military or usurped power, or martial law. A fair construction of that condition in the opinion of the court is that, in order to excuse this company from liability in case of loss of property by fire, that the invasion by foreign enemy, rebellion, insurrection, riot, civil commotion, military or usurped power, or martial law must have been occurring within the section of the country where this loss occurred, or within the locality, and within such a radius of country where the loss occurred that danger arose to property by reason of the existence of that rebellion, invasion, insurrection, civil commotion, riot, military or usurped power, or martial law. And I further tell you, gentlemen, that if you believe from the

Martin v. Royal Ins. Co.

evidence that this destruction of this property did not occur from any of these causes, and occurred from a cause independent of the existence of any foreign enemy, rebellion, insurrection, riot, civil commotion, military or usurped power, or martial law, then you should find, so far as this defense is concerned, for the plaintiff in damages, whatever you think may have been his loss. This is a reasonable construction, as the court thinks, of this and these conditions of the policy. A civil case like this one is unlike a criminal case. You act upon what you believe from the facts, from the testimony,—you act upon a preponderance of the testimony in the case. If you believe from the testimony that this insurance existed upon the property named in this form of policy which is produced to you; and if you believe from the evidence that the real estate, the property named in the policy, was destroyed by fire; and if you believe that the stock of goods, although it may have been changed in the course of trade by substitution,—if the stock of goods on hand at the time of the fire was destroyed by the fire,—then you would find for the plaintiff in damages the reasonable value of that real estate that was insured, and of that stock of goods that was insured, and that was on hand—the existing stock, the substituted stock, if it had been substituted to any extent,—at the time of the fire; provided, however, if you believe from the testimony the plaintiff failed to give written notice to the company of the destruction of the property, or to furnish proofs, within the time named in the policy, of the loss of the property, and that there was no waiver, either by agreement or by conduct upon the part of the company or its general agent, of further notice or of the production of proofs of loss, then you will find for the defendant; and further, gentlemen, if you believe from the testimony that this loss occurred during invasion, rebellion, riot, civil commotion, and other

Martin v. Royal Ins. Co.

states of case as set out in the policy, existing in the locality where this store and real estate was located, or in that section of the country, and that it occurred by reason of the existence of that state of case, then you should find for the defendant.

Your verdict should be, if for the plaintiff, "We, the jury, find for the plaintiff," so much in damages, not exceeding the amount claimed in the declaration, which, I believe, is $20,000, and not exceeding the amount insured upon the property, and not exceeding also the amount of loss by the plaintiff. If you find for the defendant your verdict is simply, "We, the jury, find for the defendant."

If you should find for the plaintiff, you may or may not, in your discretion, count interest upon the amount of this loss, if you find that the property had been insured, as I have indicated, estimating the interest at the legal rate of 6 per cent. You may allow interest at that rate, upon whatever amount you may find was the loss, from the time when the defendant refused to pay anything on account of that loss; or, you may, in your discretion, only find interest from the time when this suit was brought. That is a matter in your discretion. You may not find any interest at all, but merely find so much in damages.

Gentlemen of the jury, retire and make a verdict.

Judgment entered on a verdict in favor of the plaintiff reversed by the Supreme Court of the United States January 11, 1904.   192 U.S. 149, 48 L. ed. 385, 24 Sup. Ct. Rep. 247.